UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| KAMAL DRAKE | : | |
| | : | |
| v. | : | C.A. No. 13-223ML |
| | : | |
| STATE OF NEW MEXICO | : | |

REPORT AND RECOMMENDATION FOR
SUMMARY DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)

Lincoln D. Almond, United States Magistrate Judge

**Background**

Pending before me for determination is Plaintiff's Application to Proceed In Forma Pauperis ("IFP") (Document No. 2) pursuant to 28 U.S.C. § 1915. On April 5, 2013, Plaintiff Kamal Drake, a Rhode Island resident, filed a pro se Complaint in this Court against the State of New Mexico. Plaintiff's Complaint was accompanied by an Application to Proceed IFP without being required to prepay costs or fees, including the $350.00 civil case filing fee. After reviewing Plaintiff's Application signed under penalty of perjury, I conclude that Plaintiff is unable to pay fees and costs in this matter and thus, Plaintiff's Application to Proceed IFP (Document No. 2) is GRANTED.

Having granted IFP status, this Court is required by statute to further review the Plaintiff's Complaint sua sponte under 28 U.S.C. § 1915(e)(2) and to dismiss this suit if it is "frivolous or malicious," "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." For the reasons discussed below, I recommend that Plaintiff's Complaint be DISMISSED WITH PREJUDICE because it "seeks monetary relief against a defendant who is immune from such relief" pursuant to 28 U.S.C. § 1915(e)(2)(B).

**Facts**

Although Plaintiff's Complaint is somewhat confusing, it arises out of Plaintiff's arrest by the Albuquerque, New Mexico Police Department on August 3, 2009.  Plaintiff alleges that he was arrested and charged with assault with a deadly weapon on a household member based on false allegations made by his former girlfriend.  Plaintiff alleges that he was denied due process in the New Mexico state court system, deprived of his right to legal counsel and, he alleges "official misconduct" by certain judicial officers.  Plaintiff sues only the State of New Mexico and demands judgment against the State of New Mexico in the amount of $10,000,000.00 plus interest, costs and reasonable attorneys' fees.  He also seeks expungement of a New Mexico state criminal charge.

**Standard of Review**

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action is frivolous, fails to state a claim or seeks damages from a defendant with immunity.  28 U.S.C. § 1915(e)(2)(B).  The standard for dismissal of an action taken IFP is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6).  See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002).  In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts."  Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996).  Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(I).  A claim "is frivolous where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  The First Circuit has held that the affirmative defense of the statute of limitations may justify dismissal under Section 1915, see Street v. Vose, 936 F.2d 38, 39 (1st Cir. 1991), and other courts have upheld dismissals under Section 1915

because of other affirmative defenses appearing on the face of a complaint. See e.g., Kimble v. Beckner, 806 F.2d 1256, 1257 (5th Cir. 1986).

**Discussion**

I recommend that Plaintiff's Complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2). In making this recommendation, I have taken all of the allegations in Plaintiff's Complaint as true and has drawn all reasonable inferences in his favor. Estelle v. Gamble, 429 U.S. 97 (1976). In addition, I have liberally reviewed the Plaintiff's allegations and legal claims since they have been put forth by a pro se litigant. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972). However, even applying these liberal standards of review to Plaintiff's Complaint, dismissal is required.

Under the Eleventh Amendment to the U.S. Constitution, the states have sovereign immunity from suits brought against them for money damages in federal court. See Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989). Here, Plaintiff sues only the State of New Mexico and seeks judgment against the State for substantial money damages, and thus Plaintiff's Complaint is barred by the Eleventh Amendment. Further, Plaintiff does not allege or identify any potential waiver of sovereign immunity by the State of New Mexico and, in fact, does not specifically identify the constitutional, statutory, or other legal basis for his claims. See Nieves-Marquez v. Puerto Rico, 353 F.3d 108, 124 (1st Cir. 2003) ("No cause of action for damages is stated under 42 U.S.C. § 1983 against a State, its agency, or its officials acting in an official capacity."). In addition to money damages, Plaintiff also seeks an order expunging his "current case" in New Mexico. Since Plaintiff alleges that his "current case" is a pending state criminal matter, his request for expungement by this Court is barred by the legal doctrine of Younger abstention which prohibits federal courts from

granting relief that interferes with pending state criminal prosecutions. See Younger v. Harris, 401 U.S. 37 (1971). Finally, it does not appear that venue here is proper, as the State of New Mexico obviously does not reside in this District, and none of the conduct complained of by Plaintiff in his Complaint appears to have occurred in this District. See 28 U.S.C. § 1391(b).

**Conclusion**

For the reasons stated, Plaintiff's Motion to Proceed In Forma Pauperis (Document No. 2) is GRANTED. However, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii), I further recommend that Plaintiff's Complaint be DISMISSED WITH PREJUDICE. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
April 10, 2013